UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASE CONCEPTS INTERNATIONAL, LLC, RAUL RIVEROS, XIMENA Y. BARRERA RIVEROS, EDWARD BELL, and PAMELA BELL,<br><br>         Plaintiffs,<br>vs.<br><br>TEICH, BEIM & MORO, C.P.A.'S, P.C. and DAVID A. TEICH,<br><br>         Defendants. | Civ. Action No. 7:16-cv-07664-KMK<br><br>ECF Case |

**FIRST AMENDED COMPLAINT**

   Plaintiffs Case Concepts International, LLC, Raul Riveros, Ximena Y. Barrera Riveros, Edward Bell and Pamela Bell (collectively, "Plaintiffs"), by and through their attorneys, Murray & Di Bella LLP, make their First Amended Complaint against defendants David A. Teich and Teich, Beim & Moro (collectively, "Defendants") and allege as follows:

PRELIMINARY STATEMENT

   1.  This is an action for professional negligence based on the defendant CPAs failure to properly render professional services to Plaintiffs and their negligent preparation of Plaintiffs' tax returns. As a result of the various errors made by Defendants and Defendants' failure to properly advise Plaintiffs, Plaintiffs were forced to hire counsel to rectify Plaintiffs' errors, defend themselves against IRS audits, and pay penalties in excess of $700,000 to the IRS. As more particularly alleged below, Plaintiffs seek damages in excess of $1,000,000, together with costs incurred in this action, plus interest.

-2-

## THE PARTIES

2. Plaintiff Case Concepts International, LLC ("Case Concepts" or the "Company") is a Connecticut limited liability corporation headquartered in Stamford, Connecticut.

3. Case Concepts is a dedicated original equipment case design and manufacturing firm with extensive experience in the medical, consumer and wireless industries. Case Concepts' experience in case designs and manufacturing ranges from hi-end medical equipment to fashionable cosmetic bags. The Company has commercial offices in Europe and wholly owned manufacturing, logistics and sourcing facilities in China.

4. Plaintiff Raul Riveros ("Riveros") is an individual residing in Darien, Connecticut. Riveros is the Managing Member of Case Concepts and, both individually and in conjunction with his family trust, owns 90% of Case Concepts.

5. Plaintiff Edward Bell ("Bell") is an individual residing in Southbury, Connecticut. Bell is a member of Case Concepts and the owner of 10% of Case Concepts.

6. Plaintiff Ximena Y. Barrera Riveros is an individual residing in Darien, Connecticut and Riveros' wife.

7. Plaintiff Pamela Bell is an individual residing in Southbury, Connecticut and Bell's wife.

8. Defendant David A. Teich ("Teich") is and was, at all relevant times, a certified public accountant ("CPA") licensed to practice in the State of New York, residing in and doing business in Rockland County, New York.

9. Defendant Teich, Beim & Moro, C.P.A.'s, P.C. ("TBM") is a New York professional corporation with its headquarters in Suffern, New York.

10. TBM is a firm of CPAs offering a wide range of services in the areas of accounting, auditing, taxation and management advisory services, whose principal interest is the servicing of small and medium size businesses in the tri-state area.

11. Teich is the chief executive officer of and a partner at TBM and has acted in such capacity since at least 2004.

## JURISDICTION AND VENUE

12. Jurisdiction is founded upon diversity of citizenship under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

13. This Court has personal jurisdiction over Defendants pursuant to N.Y. C.P.L.R. § 301.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1).

## FACTUAL BACKGROUND

15. On or about 2004, Riveros retained Defendants as outside accountant for Case Concepts, as return preparer for Case Concepts, Chiron USA, LLC ("Chiron") and for Riveros and Bell, and to provide advice on personal and business taxes and accounting and tax compliance. The scope of Defendants' engagement also included the preparation of Case Concepts' annual financial statements, the preparation of tax filings for any companies personally held by Riveros, and handling any issues that any tax authorities raised concerning any tax filings prepared.

16. Defendants prepared all of Case Concepts' income tax returns for tax years 2003 through 2012.

17. Defendants prepared all of Riveros and Bell's personal income tax returns (which each filed jointly with their respective wives), for tax years 2004 through 2012.

18. At all relevant times, Defendants were paid on a retainer basis for their services.

19. During the years Defendants were retained, Defendants were paid in excess of $196,000 for their services.

20. At all relevant times, Defendants held themselves out as being skilled and competent in certified public accounting and adhering, in the practice of their profession, to accepted professional standards.

21. At all relevant times, Defendants held themselves out as competent and well qualified individually and as a firm to handle the engagement for Case Concepts, Riveros and Bell, and their spouses.

22. At all relevant times, Plaintiffs justifiably relied upon Defendants' professed competency and proficiency and diligence in providing the services and advice they were retained to provide.

*Defendants Failed to Advise Plaintiffs of Disclosure*
*Obligations Related to Foreign Companies and Foreign Financial Accounts*

23. In order to enable Defendants to prepare Case Concepts' financial statements and Case Concepts', Chiron's, Riveros' and Bell's tax filings, Riveros provided Defendants with, *inter alia*, information regarding the business of Case Concepts and Chiron, including transactions between Case Concepts and foreign companies and transactions between Chiron and foreign companies, and access to the Company's and Chiron's financial records and related data, including information regarding related party transactions with foreign companies owned by Case Concepts and Riveros.

24. During conversations with Defendants, Riveros disclosed his and Case Concepts' ownership of foreign companies.

25. Defendants were aware that the foreign companies owned by Case Concepts and Riveros had bank accounts to and from which funds were transferred and that Riveros had personal foreign bank accounts.

26. Defendants' knowledge of Case Concepts' relationships with foreign companies is shown in the notes to the financial statements that Defendants prepared, which state that an affiliate acted as purchasing agent for Case Concepts overseas, that Case Concepts purchased merchandise from a company affiliated through common ownership, and that Case Concepts made sales to a related member.

27. Any U.S. person that owns more than 50% of a foreign corporation (a corporation organized outside of the U.S.) is obligated to file a Form 5471 reporting the ownership of the corporation and other data, each year with his/her personal tax return (or its business corporation or LLC's tax return if that entity is the owner of the foreign corporation).

28. IRC Section 6038(b)(1) provides for a monetary penalty of $10,000 for each Form 5471 that is filed after the due date of the income tax return (including extensions) or that does not include the complete and accurate information described in Section 6038(a).

29. Despite knowledge of Case Concepts' and Riveros' ownership of foreign corporations, Defendants never advised Plaintiffs of the need to file and attach a Form 5471 with respect to the foreign corporations that each owned.

30. Defendants failed to include any Form 5471 as part of the income tax returns prepared for Case Concepts and Riveros for tax years 2003 through 2012.

31.     Under U.S. law, a "U.S. person" is required to file annually a Report of Foreign Bank and Financial Accounts ("FBAR"), reporting his or her financial interest in or signature authority over certain "foreign financial accounts." In general, FBAR reporting is required if the maximum aggregate value of the U.S. person's foreign financial account(s) exceeded $10,000 at any time during the calendar year.  A U.S. person is considered to have a reportable financial interest in any foreign financial account for which the owner of record or holder of legal title is a corporation in which the U.S. person owns directly or indirectly more than 50 percent of the voting power or the total value of shares.

32.     Civil penalties for failing to properly file an FBAR range from up to $10,000 per unreported account for nonwillful violations, to the greater of $100,000 or 50% of the account balance per year for a "willful" failure to properly report a foreign account.

33.     Despite knowledge that each of the foreign companies owned by Case Concepts and/or Riveros had foreign bank accounts, Defendants never advised Riveros that he needed to file yearly an FBAR with respect to bank accounts that the foreign companies maintained or for his own foreign bank accounts, nor did they file any FBAR on his behalf.

34.     The 2012 FBAR filing deadline was June 30, 2013. Defendants failed to file an FBAR on behalf of Riveros on or before that date.

35.     On or about September 30, 2013, Defendants forwarded draft tax returns for tax year 2012 to Plaintiffs for filing. Like the previous returns, the 2012 returns prepared by Defendants failed to attach the requisite Forms 5471 or report any income from the foreign financial assets.

36. Subsequent to the 2012 FBAR filing deadline but before the deadline for filing 2012 tax returns, Plaintiffs were apprised of their FBAR and Form 5471 filing obligations and the need to voluntarily disclose their foreign financial assets.

37. Thereafter, Plaintiffs retained the accounting firm Citrin Cooperman & Company, LLP, which working in conjunction with Defendants, prepared Forms 5471 to attach to the returns prepared by Defendants. Unfortunately, none of the Forms 5471 was correct, some forms were omitted, and others were included unnecessarily.

38. As a result of Defendants' failure to properly disclose Plaintiffs' foreign financial assets, Plaintiffs retained the law firm of Kostelanetz & Fink, LLP ("K&F") to assist them in remedying Defendants' failure to report all necessary income and make all required filings. K&F in turn retained the accounting firm of Perelson Weiner LLP ("PW") to assist them.

39. Thereafter, Riveros contacted Defendants and notified them of the need to amend the previous returns and voluntarily disclose the foreign financial assets and the need for Defendants to provide information, assistance and support to Plaintiffs' advisors in connection therewith.

40. During this time and continuing until March 2015, Defendants continued to render professional services to Plaintiffs, working on preparing their financial statements and their 2013 tax returns and assisting Plaintiffs and their advisors in connection with their amendment of their previous tax returns, including providing, among other things, information related to the tax returns previously prepared by Defendants and information regarding Plaintiffs' businesses.

41. In addition, Plaintiffs and their advisors coordinated with Defendants regarding the possibility of Teich providing a statement on Plaintiffs' behalf, in support of the defense of

good faith and reasonable cause based on reasonable reliance on Defendants' advice concerning the failures that are the subject of this action.

42. On or about November 2015, Case Concepts, Riveros and Bell each filed amended income tax returns under the streamlined procedures for tax years 2012 through 2014 and late filed FBARs for 2009 through 2012, triggering additional tax and interest obligations.

43. As a result of Defendants' failure to file an FBAR by the 2012 filing deadline and the errors contained in Riveros' 2012 tax return, Riveros and his wife were forced to pay offshore penalties and interest thereon in excess of $600,000.

44. As a result of Defendants' failure to properly advise Plaintiffs regarding their respective disclosure and reporting obligations with respect to foreign affiliates, transactions and revenue, Plaintiffs were also forced to incur over $250,000 in fees and expenses to correct the errors made by Defendants.

*Defendants Failed to Properly Disclose Contributions
to Case Concepts' Benefit Plan as Listed Transactions*

45. On or about December 1, 2006, Case Concepts adopted the Greater Metropolitan Single Employer Death-Benefit Only Plan and Trust and/or the Greater Metropolitan Single Employer Welfare Benefit Plan and Trust (the "Plan") to provide pre-retirement death benefits and post-retirement medical benefits for all covered employees.

46. Case Concepts made an initial $100,000 contribution to the Plan in 2006, which was used to purchase whole life insurance policies for Riveros and Bell.

47. Defendants advised Case Concepts to claim 100% of all contributions made to the Plan as a qualified direct cost on its 2006 taxes and prepared tax returns claiming such a deduction.

48.     On or about October 2007, the IRS published a Revenue Ruling 2007-65 and two notices regarding the use of permanent insurance in welfare benefit 419 plans, and voluntary employees' beneficiary associations for both retirement death benefits and post-retirement health plans.

49.     Revenue Ruling 2007-65 concluded that for purposes of deductions allowable to an employer under § 419, a welfare benefit fund's qualified direct cost does not include premium amounts for cash value life insurance policies paid by the fund, whenever the fund is directly or indirectly a beneficiary under the policy within the meaning of § 264(a).

50.     Notice 2007-83 advised that the IRS and the Treasury Department were aware of certain trust arrangements claiming to be welfare benefit funds and involving cash value life insurance policies that were being promoted to and used by taxpayers to improperly claim federal income and employment tax benefits.  The notice informed taxpayers and their representatives that the tax benefits claimed for these arrangements are not allowable for federal tax purposes; alerted taxpayers and their representatives that these transactions are tax avoidance transactions; and identified certain transactions using trust arrangements involving cash value life insurance policies, and substantially similar transactions, as listed transactions which must be disclosed.

51.     Pursuant to IRC § 6707A, any person who fails to include on any return or statement any information with respect to a reportable transaction which is required under section 6011 to be included with such return or statement shall pay a penalty determined under section 6707A(b).  Section 6707A(b) provides that, in the case of listed transactions, the maximum penalty is $100,000 in the case of a natural person, and a maximum penalty of $200,000 in any other case.

52. On or about November 2007, Case Concepts received a letter from National Benefits Plans ("NBP"), the trust for its Plan, regarding the effect of Revenue Ruling 2007-65 and the associated notices issued by the IRS on the Plan.

53. In the letter and an attached opinion of legal counsel, NBP recommended that Case Concepts file with the Office of Tax Shelter Analysis ("OTSA") by January 15, 2008, a Reportable Transaction Disclosure Statement, IRS Form 8886, for any open tax year in which Case Concepts made claimed deductions based on contributions to the Plan.

54. The letter further advised that an exact copy of the Form 8886 needed to be filed with the next entity tax return and with the personal tax returns of any 20% or greater shareholder, partner or member of Case Concepts.

55. On or about December 30, 2007, Riveros emailed Teich a copy of the letter received from NBP advising him that "[t]he trust for the 419e is recommending to file Form 8886 for protective disclosure."

56. Defendants were, at least thereafter, aware of the need to file the Form 8886 with OTSA and with both Case Concepts' and Riveros' tax returns.

57. At no time did Defendants advise Riveros of the need for Case Concepts to yearly file a Form 8886 or for Riveros to file a Form 8886 on behalf of himself personally with OTSA.

58. In 2011 and 2012, Case Concepts made annual contributions to the Plan in the amount of $92,840.

59. When Defendants prepared Case Concepts' tax returns for tax years 2011 and 2012, they deducted 100% of each year's contribution to the Plan as a qualified direct cost.

60. When Defendants prepared Case Concepts' tax returns for tax years 2011 and 2012, they failed to attach the requisite Form 8886, Reportable Transaction Disclosure Statement.

61. When Defendants prepared Riveros' and Bells' personal tax returns for tax years 2011 and 2012, they failed to attach the requisite Form 8886, Reportable Transaction Disclosure Statement.

62. On or about April 2014, Case Concepts, Riveros and Bell each received a notice from the IRS that their federal tax returns for 2011 and 2012 were being audited.

63. Upon receipt of the audit letters, Riveros retained K&F and Cremer & Associates, LLP to represent Plaintiffs in connection with the various audits arising out of the failure to disclose the listed transactions.

64. Thereafter, Riveros contacted Defendants and notified them of the audit notices and the need for Defendants to provide information, assistance and support to Plaintiffs' advisors in connection with the various audits.

65. During this time and continuing until March 2015, Defendants continued to render professional services to Plaintiffs, working on preparing their financial statements and their 2013 tax returns and assisting Plaintiffs and their advisors by providing, among other things, information related to the tax returns previously prepared by Defendants, as well as information regarding Plaintiffs' businesses and financials to assist them in responding to the audits.

66. On or about January 30, 2015, the IRS assessed listed transaction penalties against Riveros and his wife in the amount of $67,547 based on Defendants' failures to disclose the listed transactions in Riveros' 2011 and 2012 tax returns.

67. On or about January 30, 2015, the IRS assessed listed transaction penalties against Case Concepts in the amount of $20,000 based on Defendants' failures to disclose the listed transactions in Case Concepts' 2011 and 2012 tax returns.

68. As a result of Defendants' failures to disclose the listed transactions on Plaintiffs' tax returns, Plaintiffs were also forced to incur over $78,000 in fees and expenses to defend themselves in connection with the federal and Connecticut audits.

## COUNT I
*(Professional Negligence)*

69. Plaintiffs hereby incorporate by reference the allegations contained in all the preceding paragraphs as if set forth fully herein.

70. As Plaintiffs' accountant and tax return preparer, Defendants owed Plaintiffs a duty to exercise such skill and care in the performance of rendering professional services as a reasonably skillful and diligent CPA would use under the same circumstances.

71. Defendants are also subject to professional standards, including generally accepted accounting principles ("GAAP") promulgated by the American Institute of Certified Public Accountants ("AICPA").

72. By, *inter alia*, failing to advise Plaintiffs of the disclosure obligations related to foreign affiliates and bank accounts, failing to properly disclose all foreign assets on Plaintiffs' tax returns, failing to properly disclose the listed transactions, and failing to properly account for contributions made to Case Concepts' Plan, Defendants breached their duty to render professional services as a reasonably skillful and diligent CPA.

73. Defendants' conduct also materially deviated from the GAAP promulgated by the AICPA.

74. As a direct and proximate result of Defendants' negligent failure to render professional services as a reasonably skillful and diligent CPA, Plaintiffs have suffered damages in an amount to be proven at trial, but believed to be in excess of $1,000,000, exclusive of costs and interest.

## COUNT II
*(Unjust Enrichment)*

75. Plaintiffs hereby incorporate by reference the allegations contained in all the preceding paragraphs as if set forth fully herein.

76. From 2007 through 2013, Plaintiffs conferred and Defendants accepted, benefits in amounts totaling in excess of $133,625 for accounting, tax and advisory services performed for Plaintiffs

77. As a direct and proximate result of Defendants' acts and omissions described above, Defendants have been unjustly enriched at Plaintiffs' expense by collecting fees for services that were not rendered because Defendants did not perform the basic work they were hired to perform

78. Equity and good conscience require that Plaintiffs be compensated for Defendants' unjust enrichment, in an amount to be proven at trial.

WHEREFORE, Plaintiffs Case Concepts International, LLC, Raul Riveros, Ximena Y. Barrera Riveros, Edward Bell and Pamela Bell pray for judgment against Defendants Teich, Beim & Moro, C.P.A.'s, P.C. and David A. Teich as follows:

1. For all damages incurred, plus interest to the date of judgment;
2. An award of post judgment interest;
3. An award of costs incurred in bringing this action; and
4. For such other and further relief as the Court deems just and proper.

-14-

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury as to all Counts set forth in this Complaint.

Dated: New York, New York
May 1, 2017

                                                Murray & Di Bella, LLP

                                                By:    /s/ Martin J. Murray
                                                     Martin J. Murray (MM-5103)
                                                     mjm@murraydibella.com
                                                     Leza M. Di Bella (LD-8878)
                                                     lmd@murraydibella.com

                                              475 Park Avenue South, 6th Floor
                                              New York, NY  10016
                                              Tel. 212-725-2044

                                              *Counsel for Plaintiffs Case Concepts*
                                              *International, LLC, Raul Riveros,*
                                              *Ximena Y. Barrera Riveros, Edward*
                                              *Bell and Pamela Bell*